```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**DIXIE GRALEY BRUMLOW RUSSELL,**

        **Plaintiff,**

                                      **Case No. 2:15-cv-2856**
   **v.**                                 **Judge Frost**
                                      **Magistrate Judge King**

**UNKNOWN,**

        **Defendant.**


<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

    Plaintiff, who is proceeding without the assistance of counsel, seeks to file a civil action without prepayment of fees or costs. Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), the Court concludes that the action must be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief.

    The *Complaint*, ECF 1-1, does not expressly name a defendant. Plaintiff begins by asking this Court to "settle Bobby Brumlow Estate," explaining that plaintiff "can't get anything done in Muskingum Co OHIO." *Id.* The remainder of the *Complaint* is difficult to understand. Plaintiff appears to allege that a number of individuals, at least some of whom appear to be residents of Ohio, have either

interfered with plaintiff's claim as the heir to the Bobby Brumlow Estate or have stolen or converted property that rightfully belongs to plaintiff. The *Complaint* asks that certain property be transferred or returned to plaintiff.

Federal courts are courts of limited jurisdiction. Congress has empowered federal courts to hear and resolve claims that arise under federal law, 28 U.S.C. § 1331, and claims that arise between citizens of different states, 28 U.S.C. § 1332. Federal courts do not have jurisdiction over probate matters that arise under state law, nor do they have jurisdiction over state law claims (such as tort claims of alleged theft or conversion) that arise between citizens of the same state. The *Complaint* fails to allege a claim arising under federal law, and it does not appear that complete diversity exists between plaintiff and the persons whom she accuses of wrongdoing. This Court therefore lacks subject matter jurisdiction to entertain this action.

Moreover, because it is wholly impossible to determine what plaintiff alleges, or against whom, the *Complaint* fails to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part

thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              s/ Norah McCann King
                                              Norah McCann King
                                              United States Magistrate Judge

September 25, 2015